UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF INDIANA
2                     INDIANAPOLIS DIVISION

3
    UNITED STATES OF AMERICA,    )
4                                ) CAUSE NO.
            Plaintiff,           ) 1:13-cr-226-WTL-DML-1
5                                )
            -vs-                 )
6                                ) Indianapolis, Indiana
    AUSTIN WILLIAMS,             ) June 30, 2014
7                                ) 2:00 p.m.
            Defendant.           )
8

9                          **BEFORE THE**
                 **HONORABLE WILLIAM T. LAWRENCE**
10

11

12              OFFICIAL REPORTER'S TRANSCRIPT OF

13                   GUILTY PLEA HEARING

14

15

16

17

18

19

20  Court Reporter:    Cathy Easley Jones, RMR, RDR, FCRR
                       Official Court Reporter
21                     46 East Ohio Street, Room 291
                       Indianapolis, IN  46204
22

23

24
                PROCEEDINGS TAKEN BY MACHINE SHORTHAND
25                COMPUTER-AIDED TRANSCRIPTION

# A P P E A R A N C E S

| | |
|---|---|
| FOR THE GOVERNMENT: | Mr. Steven D. DeBrota<br>Assistant United States Attorney<br>10 West Market Street<br>Suite 2100<br>Indianapolis, IN  46204 |
| | Ms. Amy E. Larson<br>U.S. Department of Justice<br>1401 New York Avenue NW<br>Washington, DC  20530 |
| FOR THE DEFENDANT: | Ms. Gwendolyn M. Beitz<br>Indiana Federal Community<br>Defender's Office<br>111 Monument Circle<br>Suite 752<br>Indianapolis, IN  46204 |

1     *(In open court)*

2          THE COURT:  Be seated, please.  We are on the record

3    on 1:13-CR-226, United States of America versus Austin

4    Williams.

5          Are you Mr. Williams?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Good afternoon.

8          Good afternoon to you, Ms. Beitz.  How are you?

9          MS. BEITZ:  Good afternoon, Your Honor, I'm well.

10         THE COURT:  Mr. DeBrota, welcome.

11         MR. DeBROTA:  Good afternoon, Your Honor.

12         THE COURT:  Who is with you today?

13         MS. LARSON:  Amy Larson, the Department of Justice,

14   Your Honor, this afternoon.

15         THE COURT:  Very well.  Good afternoon to you.  And

16   joining you is?

17         MR. DeBROTA:  This is Special Agent Michael

18   Langeman, Your Honor, of the FBI.

19         THE COURT:  Good afternoon.  And the young kid in

20   the back?

21         MR. HOGSETT:  Joe Hogsett, Your Honor.

22         THE COURT:  All right.  Ms. Beitz, we are here for a

23   guilty plea, are we not?

24         MS. BEITZ:  That's correct, Your Honor.

25         THE COURT:  If you and Mr. Williams would approach

the podium, please.

            And while we're doing that, I'll ask Mr. DeBrota have all victims in this case who have required notification been so notified, Mr. DeBrota?

            MR. DeBROTA:  Yes, Your Honor.

            THE COURT:  Very well.  Thank you.

            Mr. Williams, have you been able to hear me and understand me all right this afternoon?

            THE DEFENDANT:  Yes.

            THE COURT:  If there comes a time during these proceedings where I talk too softly or I talk too fast or maybe I just simply bring up something that you would like some additional time to talk to Ms. Beitz about in private, I would ask that you let me know.  Will you do that?

            THE DEFENDANT:  Okay.  Yes.

            THE COURT:  I don't want you to be embarrassed that you're slowing anything down because it's critically important that you and I be able to communicate with one another and, essentially, I become convinced that you understand not only the proceedings this afternoon but also the various items of paperwork.  So will you do that?  Will you let me know if you have some questions?

            THE DEFENDANT:  Yes.

            THE COURT:  The first thing I need to do is to go into some matters relating to your personal history.  In order

1  to do that, I would ask that you take an oath to tell the

2  truth.  Do you have any reservations about taking such an

3  oath?

4          THE DEFENDANT:  No.

5          THE COURT:  As best you can, will you raise your

6  right hand, please?

7      *(Witness sworn.)*

8          THE COURT:  Do you understand that you are now under

9  oath; and if you answer any of my questions falsely, it may

10 give rise to an additional charge against you for perjury or

11 for making a false statement?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Would you state your full name for the

14 record, please?

15         THE DEFENDANT:  Austin Brian Williams.

16         THE COURT:  How old are you, sir?

17         THE DEFENDANT:  Twenty-three.

18         THE COURT:  How far did you go in school?

19         THE DEFENDANT:  Graduated high school.

20         THE COURT:  Where was that?

21         THE DEFENDANT:  Broad Ripple.

22         THE COURT:  Here in Indianapolis?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Did you have any formal education beyond

25 high school?  Graduate degree?

1          THE DEFENDANT:  No.

2          THE COURT:  Very well.  Where have you worked?

3          THE DEFENDANT:  I've worked at -- currently or

4  previously?

5          THE COURT:  Where did you work after high school?

6          THE DEFENDANT:  I worked at Amazon.  I worked at

7  Hardee's.  I worked at UPS.  I can't really remember all of

8  them.

9          THE COURT:  Have you ever worked a job,

10  Mr. Williams, where you needed to be able to read something

11  and then translate something on the paper into some action on

12  your part, like a job order or just a regular order?  Any kind

13  of job that you had where you had to do that?

14          THE DEFENDANT:  No.

15          THE COURT:  But you can read, write and understand

16  the English language?

17          THE DEFENDANT:  Yes, I can.

18          THE COURT:  Did you have any trouble communicating

19  with Ms. Beitz during her representation of you?

20          THE DEFENDANT:  No.

21          THE COURT:  You were able to ask questions and get

22  answers back you understood?

23          THE DEFENDANT:  Yes.

24          THE COURT:  You also went through and read various

25  items of paperwork, I assume?

1          THE DEFENDANT:  Yes.

2          THE COURT:  You discussed this case with her?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Now, two documents appear to have your

5    signature on them, Mr. Williams.  I would refer specifically

6    to the petition to enter a plea of guilty on page 4 and then

7    the plea agreement on pages 12 and 13.  I would ask, first of

8    all, are those your signatures?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Did you place your signature on those

11    documents only after reading them yourself and going over them

12    with Ms. Beitz?

13          THE DEFENDANT:  Yes.

14          THE COURT:  You think you understand them?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you have any questions about them

17    today?

18          THE DEFENDANT:  No.

19          THE COURT:  As you stand here today, are you under

20    the influence of any form of drug, medication or alcoholic

21    beverage?

22          THE DEFENDANT:  No.

23          THE COURT:  Are you suffering from any sort of

24    medical, mental, physical or emotional condition that would

25    interfere with your ability to understand and participate in

1  these proceedings this afternoon?

2              THE DEFENDANT:  No.

3              THE COURT:  All right.  Let's talk for a moment

4  about the indictment, Mr. Williams.  As you know, you have

5  been charged by a grand jury of eight counts; is that correct?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Have you read the document?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Have you gone over it with Ms. Beitz?

10             THE DEFENDANT:  Yes.

11             THE COURT:  As you know, the formal charges are

12  recited in those eight counts; is that correct?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Have you fully discussed these charges

15  and the case against you with Ms. Beitz?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Do you have any question about those

18  charges today?

19             THE DEFENDANT:  No.

20             THE COURT:  Now, I will tell you, Mr. Williams, that

21  each of those eight charges contain elements or subparts; and

22  it would be those elements that Mr. DeBrota in behalf of the

23  government would have to prove to the satisfaction of a jury

24  beyond a reasonable doubt before you could be convicted of any

25  of those counts.  Is that your understanding also?

1          THE DEFENDANT:  Yes.

2          THE COURT:  I didn't hear you.

3          THE DEFENDANT:  Yes.

4          THE COURT:  Now, I believe that those elements are

5     noted in your plea agreement on pages 2, 3 and 4; and I want

6     to review those briefly with you.

7          In order to convict you of Counts 1, 2 and 3 of the

8     indictment, which charge you with sexual exploitation of a

9     child, the government would have to prove, first of all, that,

10    number one, that you employed, used, persuaded, induced or

11    enticed or coerced a minor to engage in sexually explicit

12    conduct as that conduct is defined in Section 2256(2) of

13    Title 18 of the United States Code; secondly, that for the

14    purpose of producing any visual depiction of such conduct, and

15    thirdly, that one of the following, number one, knowing or

16    having reason to know that such visual depictions will be

17    transported in interstate or foreign commerce or mailed; or

18    secondly, that such visual depictions were produced using

19    materials that had been mailed, shipped or transported in

20    interstate or foreign commerce by any means, including by a

21    computer; and lastly, that such visual depictions were

22    actually transported in interstate or foreign commerce or

23    mailed.

24         Do you understand that's what the government has to

25    prove?

1      THE DEFENDANT:  Yes.

2      THE COURT:  And they would have to prove that,

3 again, to the satisfaction of a jury that would be over in

4 that jury box to your right; and they would have to prove each

5 of those beyond a reasonable doubt before you could be

6 convicted of any of Counts 1, 2, 3 for the sexual exploitation

7 of a child.  Is that your understanding?

8      THE DEFENDANT:  Yes.

9      THE COURT:  All right.  In regards to Counts 4 and

10 5, you are charged with coercion and enticement.  Again, those

11 counts also have elements or subparts which are listed on page

12 3 of your plea agreement; and briefly, in order to sustain

13 this offense, the government must prove the following

14 propositions beyond a reasonable doubt:  number one, that you

15 used a facility or means of interstate commerce to knowingly

16 persuade, induce, entice or coerce a minor to engage in sexual

17 activity; and number two, the minor was less than 18 years of

18 age; thirdly, that you believed the minor was less than 18

19 years of age; and lastly, that the sexual activity would have

20 been such that any person could be charged with a criminal

21 offense.

22      Again, you understand that's what the government

23 would have to prove beyond a reasonable doubt to the

24 satisfaction of a jury as to those two counts for coercion and

25 enticement?

1          THE DEFENDANT:  Yes.

2          THE COURT:  All right.  In regards to Counts 6 and

3    7, those elements are listed towards the bottom of page 3.

4    Counts 6 and 7 charge you with distribution of child

5    pornography; and again, to sustain this offense, either one of

6    those, the government would have to prove the following

7    propositions, again, beyond a reasonable doubt:  number one,

8    that you knowingly distributed a visual depiction using any

9    means or facility of interstate or foreign commerce or in or

10   affecting interstate or foreign commerce by any means,

11   including by computer; secondly, the production of such visual

12   depictions involved the use of a minor engaging in sexually

13   explicit conduct; number three, that such visual depiction is

14   of a minor engaged in sexually explicit conduct; and lastly,

15   that you knew that at least one of the performers in such

16   visual depiction was a minor, and you knew that the visual

17   depiction was of such minor engaged in sexually explicit

18   conduct.

19          Do you understand those elements, Mr. Williams?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you have any questions about them?

22          THE DEFENDANT:  No.

23          THE COURT:  In regards to Count 8 of the indictment,

24   which charges you with possession of child pornography, those

25   elements are listed towards the middle of page 4; and again,

to sustain this offense, the government must prove the

following propositions beyond a reasonable doubt:  number one,

that you knowingly possessed one or more books, magazines,

periodicals, films, videotapes or other matter which contained

a visual depiction that has been mailed or has been shipped or

transported using any means or facility of interstate or

foreign commerce or in or affecting interstate or foreign

commerce or which was produced using materials which had been

mailed or shipped or transported in interstate or foreign

commerce by any means, including by computer; secondly, that

the production of such visual depiction involved the use of a

minor engaging in sexually explicit conduct; and lastly, that

such visual depiction was of a minor engaged in sexually

explicit conduct.

Do you have any question about not only those

elements as to Count 8 but any of the elements that we have

just discussed?

THE DEFENDANT:  No.

THE COURT:  Again, you understand that before you

could be convicted, Mr. DeBrota would have to prove those

elements, each and every one of them, beyond a reasonable

doubt to the satisfaction of a jury?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Mr. Williams, have you and

Ms. Beitz talked about the sentencing process and things like

1  the advisory sentencing guidelines in the event I accept your

2  pleas this afternoon?

3          THE DEFENDANT:  Yes.

4          THE COURT:  You understand that you and I during the

5  sentencing hearing will talk about those advisory sentencing

6  guidelines, and we'll work up a sentencing range based upon

7  the base offense level that we will calculate.  Your criminal

8  history category would play a part in that.  And we will come

9  up with an advisory sentencing guideline range.  I am to

10 consider that advisory sentencing guideline range as well as

11 any departures either upward or downward from that range.

12         But that doesn't end my discussion because we're

13 then going to talk about a certain statute cite designated as

14 Section 3553(a) of Title 18.  In that, we'll talk about such

15 things such as the nature and circumstances of these offenses.

16 We'll also talk about your personal history and

17 characteristics, and we'll talk about some other factors

18 probably that you and I will discuss during the sentencing

19 hearing.

20         Are those some of the things that you and Ms. Beitz

21 have already talked about in regards to this plea?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Do you understand what the potential

24 penalties are that you face if you plead guilty to these

25 charges?

1          THE DEFENDANT:  Yes.

2          THE COURT:  You do understand, first of all, that

3     each and every one of these charges are felony offenses?

4          THE DEFENDANT:  Yes.

5          THE COURT:  Please know that as to each of Counts 1,

6     2 and 3 -- again, the charges are sexual exploitation of a

7     minor -- that you made be punished by a term of imprisonment

8     of between 15 and 30 years.  You can be fined up to an amount

9     of $250,000, and you can be subjected to a term of supervised

10    release following any term of imprisonment for up to the rest

11    of your life.

12          You understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Now, also, you understand that that

15    15-year minimum sentence that I mentioned is what has been

16    designated as a mandatory minimum sentence.  So I'm telling

17    you that if you plead guilty or for that matter if you are

18    found guilty by a jury or at a court trial of either of those,

19    of any of those three counts, Counts 1, 2 and 3, you

20    understand that you cannot receive a sentence any less than 15

21    years?  You understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  As to Counts 1, 2 and 3, do you believe

24    that you understand all of the possible penalties?

25          THE DEFENDANT:  Yes.

1    THE COURT:  All right.  As to Counts 4 and 5, which

2  charges you with enticement of a minor, these charges, as I've

3  indicated, are also felonies and may be punished by a term of

4  imprisonment of not less than ten years and up to the rest of

5  your life.  You can also be fined in an amount up to $250,000,

6  and you can be placed on a term of supervised release

7  following any term of imprisonment also for up to the rest of

8  your life.  Do you understand that?

9    THE DEFENDANT:  Yes.

10    THE COURT:  Just as I mentioned with Counts 1, 2 and

11  3, as to Counts 4 and 5, that ten-year minimum sentence that I

12  mentioned is also a mandatory minimum sentence.  So, again, if

13  you are simply convicted of any of those three counts by a

14  jury or as part of a plea, you cannot receive a sentence any

15  less than ten years as to each of those two counts.  Is that

16  your understanding?

17    THE DEFENDANT:  Yes.

18    THE COURT:  You think you understand the penalties

19  then for Counts 4 and 5?

20    THE DEFENDANT:  Yes.

21    THE COURT:  As to Counts 6 and 7, which charges you

22  with distribution of child pornography, again, these are

23  felony offenses; and these charges may be punished by a prison

24  term of between five and 20 years, plus a fine of up to

25  $250,000, and a term of supervised release following any term

1  of imprisonment for up to the rest of your life.

2          Again, that five-year sentence that I listed as a

3  minimum is a mandatory minimum; and again, if you are

4  convicted of just -- any of those two counts, either one of

5  those two counts, your minimum sentence would be five years if

6  convicted by a jury, a bench trial or pursuant to a plea

7  bargain.  Is that your understanding?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Any question about Counts 6 and 7?

10          THE DEFENDANT:  No.

11          THE COURT:  As to the final count, Count 8, which

12  charges you with possession of child pornography, this charge

13  may be punished by a term of imprisonment of between zero and

14  ten years.  You can also be fined in an amount up to $250,000,

15  and you can be placed on supervised release for a term --

16  following any term of imprisonment for, again, up to the rest

17  of your life.  Any questions about Count 8?

18          THE DEFENDANT:  No.

19          THE COURT:  Now, there's an additional penalty,

20  Mr. Williams, and that is you would have to pay what's called

21  a special assessment.  It's sometimes simply called a court

22  cost.  This court cost is assessed on a per-count basis, and

23  it would be $100 for each count that you would be found guilty

24  of.  So in your case then, the special assessment that would

25  be appropriate in this case would be $800.  You understand

1  that?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you have any question yet about any

4  of those potential penalties?

5          THE DEFENDANT:  No.

6          THE COURT:  You do understand that convictions for

7  these offenses will also likely result in substantial future

8  restrictions on where you may live or work and with whom you

9  may associate?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You understand that the Court may also

12  order or may be required to order under the mandatory Victim's

13  Restitution Act that you make restitution to any victims

14  identified as a result of any of these offenses?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Again, you understand that this plea

17  today is governed by the Federal Rules of Criminal Procedure;

18  and specifically, Rule 11(c)(1)(B), which says that the

19  attorney for the government will agree to recommend or agree

20  not to oppose a particular sentence in this case.  I'll go

21  over those recommendations in a few minutes; but I want you to

22  know that in regards to those recommendations, be it from the

23  government or from you or from Ms. Beitz, I can ignore all of

24  those recommendations and sentence you to something that is

25  higher than or lower than any of their recommendations.  If I

1    do that, you will not necessarily be allowed to withdraw your

2    pleas of guilty simply because I have not followed those

3    recommendations.  Is that your understanding?

4              THE DEFENDANT:  Yes.

5              THE COURT:  You understand that there is no parole

6    on a federal sentence?  If you go to prison, you cannot be

7    released on parole?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Do you know what good time credit is,

10   Mr. Williams?

11             THE DEFENDANT:  No.

12             THE COURT:  You understand that in return for your

13   good behavior while incarcerated, you can receive good time

14   credit or time off.  And I'll tell you in the federal system

15   that that amounts to a maximum of 54 days for every year that

16   you serve.  You understand that?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you have any questions about that?

19             THE DEFENDANT:  No.

20             THE COURT:  Again, you understand that each of those

21   eight counts that it is your intent to plead guilty to are

22   felony offenses; and if your pleas are accepted by me, you

23   will be found guilty of those offenses, and such a finding may

24   deprive you of valuable civil rights such as the right to

25   vote, the right to hold public offices in some cases, the

1  right to serve on a jury yourself, and certainly the right to

2  possess any type of firearm.  You understand that?

3         THE DEFENDANT:  Yes.

4         THE COURT:  Mr. Williams, I also would like to bring

5  to your attention that as part of the indictment on the last

6  page -- I think it's the last two pages -- there is what's

7  been designated a forfeiture allegation.  What this section

8  tells me is that in the event you are convicted of any of the

9  offenses contained in the indictment, that the government will

10  seek the forfeiture of any and all property that is used or

11  was used or intended to be used to commit or to promote the

12  commission of any of the offenses set forth in the indictment

13  of which you would then be convicted.  Such property includes

14  but is not limited to all items found in your possession on or

15  about the 24th day of January, 2013.

16         Now, evidently, certain items were seized from your

17  residence at that point?

18         THE DEFENDANT:  Yes.

19         THE COURT:  Mr. DeBrota, are these all related to

20  computer and computer media?

21         MR. DeBROTA:  I would add cell phones in there

22  generally, Your Honor, and pictures and videos.

23         THE COURT:  Any type of Internet-enabled device?

24         MR. DeBROTA:  Correct.

25         THE COURT:  Is it the government's intent,

1 Mr. DeBrota, to seek the forfeiture of any items not

2 previously confiscated from this defendant?

3          MR. DeBROTA:  No, it's not, Your Honor.

4          THE COURT:  Very well.  Mr. Williams, then that

5 forfeiture clause would only deal with those items that you

6 have already relinquished to the government.  Is that your

7 understanding?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  Very well.

10          Now, I mentioned the plea agreement, Mr. Williams.

11 We've looked at part of it.  Did you authorize Ms. Beitz to

12 negotiate with the government to try to work out a plea

13 agreement in this case?

14          THE DEFENDANT:  Yes.

15          THE COURT:  You understand that I was not a party to

16 any of those negotiations?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Did you have the opportunity to read and

19 discuss the plea agreement with Ms. Beitz before you signed

20 it?

21          THE DEFENDANT:  Yes.

22          THE COURT:  And the document you signed, is that the

23 agreement that was reached?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Does the plea agreement in its entirety

1  represent any understanding you have with the government?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Is there anything that is not contained

4  in that plea agreement that you believe the government has

5  obligated itself to do?

6          THE DEFENDANT:  No.

7          THE COURT:  Do you think you understand the terms of

8  each and every paragraph of that plea agreement?

9          THE DEFENDANT:  Yes.

10          THE COURT:  I would be more than happy to go through

11  the plea agreement with you line by line if you wish,

12  Mr. Williams; but do you feel that you've read it and gone

13  over it with Ms. Beitz to the effect that I do not need to go

14  over it with you?

15          THE DEFENDANT:  Yes, I went over it.  You don't need

16  to.

17          THE COURT:  You think you understand it?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Has anyone made any promise or assurance

20  that is not in the plea agreement to persuade you to accept

21  the plea agreement?

22          THE DEFENDANT:  No.

23          THE COURT:  Has anyone threatened you in any way to

24  persuade you to accept the plea agreement?

25          THE DEFENDANT:  No.

1       THE COURT:  Again, you understand that the terms of

2  the plea agreement are simply recommendations to me and that I

3  can reject those recommendations without permitting you to

4  withdraw your pleas of guilty, and I could impose a sentence

5  that may be more severe than you anticipate?  You understand

6  that?

7       THE DEFENDANT:  Yes.

8       THE COURT:  All right.  I want to make sure,

9  Mr. Williams, that you know that pleading guilty is not your

10  only choice in this matter and that there are a whole bunch of

11  rights that you have if you plead not guilty.  I want to go

12  over them with you to make sure they're clear in your mind and

13  also as to what happens to them if you indeed do plead guilty.

14       You have the right to a speedy and public jury trial

15  right here in this courtroom.  The trial would be open so your

16  family, your friends and indeed the public could come and

17  watch this trial if they would want to do so; and they could

18  see and hear everything that happens in this case.

19       At this trial, you would be presumed to be innocent;

20  and the government would have to prove your guilt beyond a

21  reasonable doubt.  You would have the right to have an

22  attorney represent you during this trial and to appeal any

23  conviction that you might receive.  So you would never have to

24  face these charges alone.  You would always have a lawyer

25  there to represent you at each stage of the process.

1       At this trial, you would have the right to remain

2   silent.  You don't have to testify or explain anything or do

3   anything because the entire burden of proof in this case is on

4   the government.

5       You also don't have to call any witnesses.  Again,

6   it is the government that is obligated to prove all of those

7   elements as to each of those counts beyond a reasonable doubt

8   to the satisfaction of a jury if they can.

9       If you would choose to remain silent and not to

10  testify and if you would choose not to call any witnesses, I

11  would instruct those jurors that they are not to consider the

12  fact that you don't testify or call any witnesses in any way

13  in arriving at their verdict.  So it would not factor into

14  this case at all.

15      At trial, you would also have what's called the

16  right of confrontation.  What this means is nothing happens in

17  this case unless you're right here in the courtroom to see it

18  and to hear it.

19      Part of that right of confrontation also includes

20  the right to challenge the witnesses that the government calls

21  by having your lawyer cross-examine them.  This might bring

22  out facts favorable to any defenses that you might have, and

23  it may also bring out information or the lack of information

24  that might make this case more difficult for the government to

25  prove.  So that's what cross-examination can do for you.

1    Now, I mentioned that you don't have to testify or

2   call any witnesses; but you do have the right to testify if

3   you would choose to do that at trial.  And you also have the

4   right to call witnesses and not just hope they show up because

5   you've asked them.  You would have the opportunity to ask this

6   Court to issue orders called subpoenas that would obligate

7   those witnesses to come to court.

8    If you couldn't afford the expense of having those

9   witnesses brought here, paying the witnesses' fees and travel

10  expenses, you would have the opportunity to ask this Court to

11  pay those expenses for you also.

12   Now, if you are convicted at trial, you would have

13  the opportunity and the right to appeal your conviction and

14  your sentence to the Seventh Circuit Court of Appeals, which

15  is located in Chicago.  They would impanel three judges that

16  would listen to any arguments that your lawyer might make

17  regarding any errors that you or your lawyer believe were

18  committed during the course of your trial.

19   If those judges in Chicago agreed with you and your

20  lawyer, they could reverse your conviction and your sentence,

21  return the case back down to the District Court or trial

22  level, obligate this Court then to correct all of those

23  errors; and you quite possibly could get a new trial.

24   Now, in the event that court in Chicago believed

25  that there just wasn't enough evidence to convict you in the

first place, they could reverse your sentence and your
convictions, return the case back down here to the trial level
and obligate this Court then to dismiss the charges against
you so that you would never have to face them again.

You understand all of those rights that I've just
now gone over with you?

THE DEFENDANT:  Yes.

THE COURT:  You understand that by pleading guilty
to Counts 1 through 8, that you are waiving, that is, giving
up, each and every one of those rights?

THE DEFENDANT:  Yes.

THE COURT:  Just to be clear, by pleading guilty,
there will be no jury.  There will be no trial.  There will be
no presumption of innocence.  There will be no right to remain
silent.  Is that your understanding?

THE DEFENDANT:  Yes.

THE COURT:  Now, there's another aspect of this that
I want to make sure you know, Mr. Williams, and that is that
money should not be a factor in deciding whether to use those
rights and plead not guilty because if you cannot afford the
expense of an attorney, if you cannot afford the cost of
having those witnesses brought here, as I mentioned a few
minutes ago, and if you cannot afford the cost or expense of
taking an appeal, the Court will pay all those expenses for
you; and there is no charge for having a jury.  So do you

1 realize that money should not be a factor in deciding whether

2 to use those rights or whether to give them up?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you discussed all of this with

5 Ms. Beitz?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Is this what you want to do?  Are you

8 willing to give up these rights as part of your overall

9 agreement with the government in this case?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Mr. DeBrota, the Court has been afforded

12 a copy of a factual basis for guilty plea.  Is it the

13 government's intent to supplement that this afternoon?

14          MR. DeBROTA:  At the defendant's request, Your

15 Honor, we discussed before the hearing a couple of changes

16 that they have requested, which I'll let Ms. Beitz summarize

17 for you.

18          THE COURT:  Very well.

19          MS. BEITZ:  Your Honor, to paragraph 8, the last

20 sentence, strike the word "engaged," substituting the words

21 "intended to engage."

22          THE COURT:  Very well.

23          MS. BEITZ:  Paragraph 10, again, strike the word

24 "engaged," substituting the words "intended to engage."

25          THE COURT:  Very well.

1          MS. BEITZ:  Paragraph 11.

2          THE COURT:  Yes.

3          MS. BEITZ:  Strike the words -- word "MV10 went

4     home."

5          THE COURT:  And that's with the consent of the

6     government, Mr. DeBrota?

7          MR. DeBROTA:  It is, Your Honor.  We think that the

8     factual basis as revised provides all the essential elements

9     of the offense.  Essentially, the distinction here is the

10    government thinks more than intent happened; but intent would

11    be enough to engage in those actions.  We think more than that

12    happened, but we agree there would be a factual basis on

13    what's stated there with the intent element as it's drafted.

14         Later on at sentencing, we can talk about the

15    significance, if any, of that distinction.

16         THE COURT:  Very well.

17         Mr. Williams, I have this document; and maybe you

18    have it in front of you.  I would, first of all, direct your

19    attention to page 7.  Towards the bottom, there appears to be

20    a signature that purports to be yours.  Is that your

21    signature?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Did you read this document?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Talk about it with Ms. Beitz?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Suggest changes along the way?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Is there anything at this point in those

5     14 paragraphs that is not true as amended just this afternoon?

6          THE DEFENDANT:  No.

7          THE COURT:  Does it speak the truth of you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And about you?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Ms. Beitz, any comment in regards to the

12    factual basis?

13         MS. BEITZ:  No, Your Honor.

14         THE COURT:  The Court would preliminarily find that

15    the anticipated pleas are supported by an independent basis in

16    fact with respect to the essential legal elements based upon

17    the stipulated basis for guilty plea that the Court will be

18    placing into evidence this afternoon.

19         Mr. Williams, we've covered a lot of territory this

20    afternoon.  We've talked about a lot of things.  We've

21    certainly talked about this case.  We've talked about your

22    rights.  We've talked about the plea agreement.  Do you have

23    any questions for me about anything I've covered with you or

24    anything related to your case or the consequences of your

25    pleas of guilty?

1          THE DEFENDANT:  No.

2          THE COURT:  You do know that you have the absolute

3   right to plead not guilty and have this case heard and

4   considered by a jury?

5          THE DEFENDANT:  Yes.

6          THE COURT:  With respect to Ms. Beitz'

7   representation of you, do you feel you've had sufficient time

8   to talk with her and to work with her to try to consider any

9   options that you have regarding this case?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Are you satisfied with her counsel, her

12   representation, and the advice she's given you as your lawyer?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Is there anything you wanted her to do

15   as your lawyer that Ms. Beitz has failed to do?

16          THE DEFENDANT:  No.

17          THE COURT:  All right.  With respect to the charge

18   against you contained in Count 1 of the indictment, which is

19   that on or about and between May the 28th of 2012 and January

20   the 24th of 2013, that you sexually exploited a child or

21   attempted to do so in violation of Title 18 of the United

22   States Code, Section 2251(a), as described more fully in the

23   indictment, how do you plead, guilty or not guilty?

24          THE DEFENDANT:  Guilty.

25          THE COURT:  With respect to the charge against you

1   contained in Count 2 of the indictment, which is that on or

2   about and between July the 8th of 2012 and January the 24th of

3   2013, that you sexually exploited a child or attempted to do

4   so, in violation of Title 18 of the United States Code,

5   Section 2251, as described more fully in the indictment, how

6   do you plead, guilty or not guilty?

7            THE DEFENDANT:  Guilty.

8            THE COURT:  As to Count 3 of the indictment, which

9   states that on or about and between January 16th of 2013 and

10  January the 24th of 2013, that you sexually exploited a child

11  or attempted to do so, in violation of Title 18 of the United

12  States Code, Section 2251(a), as, again, described more fully

13  in the indictment, how do you plead, guilty or not guilty?

14           THE DEFENDANT:  Guilty.

15           THE COURT:  With respect to the charge against you

16  contained in Count 4 of the indictment, which is that on or

17  about and between June 10 of 2012 and January the 24th of

18  2013, that you enticed or coerced a minor through Internet

19  communications to engage in sexual activity for which a person

20  can be criminally charged under Indiana State law, in

21  violation of Title 18 of the United States Code, Section

22  2433(b), again, as described more fully in the indictment, how

23  do you plead, guilty or not guilty?

24           MS. BEITZ:  Your Honor, you advised 2433(b) or

25  2422(b)?

1      THE COURT: 2422(b). The Court is in error. As to

2 that count, pursuant to Title 18 of the United States Code,

3 Section 2422(b), as described more fully in the indictment,

4 how do you plead, guilty or not guilty?

5      THE DEFENDANT: Guilty.

6      THE COURT: With respect to the charge against you

7 contained in Count 5 of the indictment, which is that on or

8 about and between June the 23rd, 2012, and January the 24th,

9 2013, that you enticed or coerced a minor through Internet

10 communications to engage in sexual activity for which a person

11 can be criminally charged under Indiana State law, in

12 violation of Title 18 of the United States Code, Sections

13 2422(b), as described more fully in the indictment, how do you

14 plead, guilty or not guilty?

15      THE DEFENDANT: Guilty.

16      THE COURT: With respect to the charge against you

17 contained in Count 6 of the indictment, which is that on or

18 about January the 16th, 2013, you knowingly distributed child

19 pornography in violation of Title 18 of the United States

20 Code, Sections 2252(a)(2), as described more fully in the

21 indictment, how do you plead, guilty or not guilty?

22      THE DEFENDANT: Guilty.

23      THE COURT: With respect to the charge against you

24 contained in Count 7 of the indictment, which is that on or

25 about September the 22nd, 2013, you knowingly distributed

1  child pornography in violation of Title 18 of the United

2  States Code, Section 2252(a)(2).

3         MS. BEITZ:  Your Honor, I believe you advised 2013.

4  The indictment reads 2012.

5         THE COURT:  I'm sorry.  The date of that is

6  September the 22nd, 2012.  I should have just read the

7  indictment.  It would have been a lot easier.  The code

8  section was Title 18 of the United States Code, Section

9  2256(2)(a).  How do you plead, guilty or not guilty?

10        THE DEFENDANT:  Guilty.

11        MR. DeBROTA:  Your Honor, the violation would be at

12  2252.  2256 is the definition section.  It's cited in there as

13  well --

14        THE COURT:  Ms. Beitz has me so paranoid at this

15  point.

16        The statute under which he is charged is section --

17  Title 18, United States Code, Sections 2252(a)(2) and (b)(1).

18  I apologize.

19        As to that count, however, Mr. Williams, how do you

20  plead, guilty or not guilty?

21        THE DEFENDANT:  Guilty.

22        THE COURT:  With respect then to the charge against

23  you contained in Count 8 of the indictment, which is that on

24  or about January the 24th, 2013, you knowingly possessed child

25  pornography, in violation of Title 18 of the United States

1  Code, Sections 2252(a)(4)(B), again, as described more fully

2  in the indictment, how do you plead, guilty or not guilty?

3              THE DEFENDANT:  Guilty.

4              THE COURT:  Are you offering these pleas of guilty

5  voluntarily and of your own free will?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Are you pleading guilty because you are

8  guilty?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Has anyone forced you to plead guilty?

11             THE DEFENDANT:  No.

12             THE COURT:  Has anybody threatened you if you did

13  not plead guilty?

14             THE DEFENDANT:  No.

15             THE COURT:  It's certainly clear to me,

16  Mr. Williams, that you are fully competent and capable of

17  entering these informed pleas.  You're aware of the nature of

18  the charges against you and the consequences of pleading

19  guilty.  I will conclude that your pleas of guilty are knowing

20  and voluntary and did not result from any type of force,

21  threats or promises, except those particular promises

22  contained in the plea agreement.

23             I will conclude that the pleas are supported by an

24  independent basis in fact with respect to the essential legal

25  elements based upon the stipulated factual basis that I have

1   placed into evidence this afternoon.

2           I will accept your pleas of guilty as to Counts 1,

3   2, 3, 4, 5, 6, 7 and 8 of the indictment.

4           Ms. Beitz, is it your desire and that of

5   Mr. Williams to set sentencing down the road?

6           MS. BEITZ:  It is, Your Honor.

7           THE COURT:  Is that the government's desire also,

8   Mr. DeBrota?

9           MR. DeBROTA:  Yes, Your Honor.

10           THE COURT:  Does counsel have available nine o'clock

11   on August the 7th?

12           MR. DeBROTA:  Yes, Your Honor.

13           MS. BEITZ:  Yes, Your Honor.

14           THE COURT:  Very well.  We will set this matter for

15   sentencing then, nine o'clock, August the 7th, 2014.

16           Anything further from the government, Mr. DeBrota,

17   Ms. Larson?

18           MR. DeBROTA:  No, Your Honor.  He is still in

19   custody, which we think he should stay.

20           THE COURT:  Very well.  Ms. Beitz?

21           MS. BEITZ:  Nothing further from the defense, Your

22   Honor.

23           THE COURT:  Mr. Williams, you will be remanded into

24   the custody of the United States Marshal pending sentencing.

25   We will see you on August the 7th.

1          COURT CLERK:  Please rise.

2          Court stands adjourned.

3          *(The proceedings were adjourned at 2:49 p.m.)*

        CERTIFICATE OF COURT REPORTER

     I, Cathy Jones, hereby certify that the foregoing is a
true and correct transcript from reported proceedings in the
above-entitled matter.

    /s/ Cathy Jones                    November 6, 2014
_____
    CATHY JONES, RMR, RDR, FCRR
    Official Court Reporter
    Southern District of Indiana
    Indianapolis Division