UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

AUSTIN WILLIAMS, JR.

Case No. 1:13-cr-226-SEB-DML-1

ORDER ON MOTIONS FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00226-SEB-DML |
| | ) | |
| AUSTIN WILLIAMS, JR., | ) | -01 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Austin Williams, Jr. has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 98, 107. Mr. Williams seeks immediate release from incarceration or a reduction in sentence based on his back injury and the disparity between the sentence he received and that of others subsequently convicted of allegedly similar crimes. *Id.* For the reasons explained below, his motions are **DENIED**.

## I.    Background

In 2014, Mr. Williams pled guilty to three counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a)(2) (Counts 1-3); two counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Counts 4, 5); two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts 6, 7); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 8). Dkts. 37, 55. According to the factual stipulation accompanying his plea agreement, Mr. Williams created fictitious Facebook profiles which he used to persuade, induce and entice various minor females to take sexually explicit photographs of themselves and to send him these images. Dkt. 30. Mr. Williams also sent sexually explicit

2

images of other minor females to the victims. Mr. Williams posted several of the sexually explicit photos that the minor females sent to him on his Facebook page. Finally, Mr. Williams engaged in sexual intercourse with some of the minor females on multiple occasions. The Court sentenced Mr. Williams to 216 months of imprisonment per count on Counts 1, 2, and 3, to run concurrently; 120 months of imprisonment per count on Counts 4 and 5 to run concurrently to each other, but consecutively to Counts 1, 2, and 3; and 60 months of imprisonment per count on Counts 6, 7 and 8, to run concurrently, for a total of 336 months of imprisonment. Dkts. 54, 55.  The Court also imposed lifetime supervised release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Williams's anticipated release date (with good-conduct time included) as January 14, 2037.

Mr. Williams initially filed his motion for compassionate release pro se, dkt. 98, and the Court appointed counsel to represent him in this matter, dkt. 99. Counsel thereafter sought permission to withdraw and then withdrew from the case. Dkts. 102, 103. The Court ordered Mr. Williams to proceed pro se and to utilize the Court's compassionate release motion form to provide the necessary information to adjudicate his case. Dkt. 107. Mr. Williams complied and submitted the Court's form, arguing that he should be immediately released or receive a reduction in his sentence based on his back injury and the disparity between the sentence he received and that of others who committed allegedly similar crimes. Dkt. 107.   The United States filed an opposition to the motion, arguing that Mr. Williams had not established extraordinary and compelling reasons for release; that he would pose a significant danger to the safety of the community if released; and that the § 3553(a) factors strongly weigh against his release. Dkt. 109. Mr. Williams filed a reply, in which he continued to argue that his sentence is inappropriate when compared to other individuals who were convicted of similar or worse crimes than him. Dkt. 112. The motions are now ripe. As explained below, Mr. Williams has not presented an extraordinary and compelling

reason warranting relief under § 3582(c)(1)(A) and the § 3553 sentencing factors weigh against release. Thus, his motions must be denied.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[1] (2) whether the defendant presents a danger to the safety

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Mr. Williams's warden in denying Mr. Williams's administrative request for relief. However, while both parties acknowledge that Mr. Williams has exhausted his administrative remedies, it appears that neither provided a copy of the warden's response to the administrative remedy.

6

of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Williams seeks immediate release or a reduction in sentence based on a prior back injury and sentencing disparity. With regards to the back injury, Mr. Williams provides medical records which show that Mr. Williams played contact sports growing up which he believes caused his lower back pain. Dkt. 107-1. During a visit with the prison medical staff in June 2020, he denied any injury/trauma, numbness, tingling, radiating pain or bowel/bladder issues. He reported no acute distress, no shortness of breath, and he ambulated without difficulty. Mr. Williams only sought medical attention because he needed a renewal for his pain medication. In his motion, Mr. Williams acknowledges that he does not require any medical equipment, nor does he require assistance with bathing, toileting or walking. Dkt. 107 at 6. He also reports that he is physically and mentally able to obtain employment when he is released and has already done so. *Id.* at 7. In short, while it appears that Mr. Williams does have long term chronic back pain from a prior injury for which he takes medication and receives treatment, there is no indication that his injury is debilitating in any way or prevents him from caring for himself in prison. Accordingly, Mr. Williams's back injury does not establish extraordinary and compelling reasons to grant him immediate release from custody or otherwise reduce his sentence.

Mr. Williams also argues that the sentences that other individuals have received since he was sentenced establish extraordinary and compelling reasons to reduce his sentence. Specifically, he identifies several other defendants who have since been sentenced below their respective guidelines ranges for crimes that Mr. Williams deems similar or worse than his crimes. Dkt. 112. With this argument, it appears that Mr. Williams is challenging the length of his sentence and

therefore it should be raised in a motion under 28 U.S.C. § 2255.[2] *See, e.g., United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020) (holding that a "compassionate release" motion to address a disparity between the defendant's sentence and his co-defendant's was actually an unauthorized successive § 2255 motion).

Even if the Court were to assume without deciding that the alleged sentencing disparity could establish an extraordinary and compelling reason to grant release or reduce his sentence, the Court would nevertheless deny Mr. Williams's motion because the applicable § 3553(a) sentencing factors weigh against releasing him or reducing his sentence. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Williams's motion.

Weighing in Mr. Williams's favor under the Court's § 3553(a) analysis, he reports that he has completed several courses while in prison, including residential drug education, UNICOR,

---

[2] In fact, Mr. Williams already raised this issue in a § 2255 motion before this Court that he eventually voluntarily withdrew because he had not sought and received permission from the Seventh Circuit to file a successive § 2255 motion. *See Williams v. U.S.*, 1:20-cv-01283-SEB-DLP.

spiritual development, criminal thinking group, anger management, victim impact and suicide watch companion. Dkt. 112 at 6-7. He states that if released, he will live with his father and he has already secured employment.

Weighing against him, Mr. Williams's crimes were serious. He engaged in long term schemes using fictitious Facebook profiles to persuade, induce and entice various minor females to take sexually explicit photographs of themselves and to send him these images. Dkt. 30. Mr. Williams also sent sexually explicit images of other minor females to these victims. Mr. Williams posted several of the sexually explicit photos that the minor females sent to him in a collage on his Facebook page. Red writing across this collage read, "Exposing U hoes!! #2." Dkt. 39. Mr. Williams also engaged in sexual intercourse with some of the minor females on multiple occasions. Additionally, Mr. Williams has completed only one-third of his sentence and is not scheduled to be released for more than 15 years.

In light of these considerations, the Court finds that releasing Mr. Williams early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.    Conclusion

For the reasons stated above, Mr. Williams's motions for compassionate release, dkts. [98] and [107], are **denied**.

**IT IS SO ORDERED.**

Date:    11/9/2021

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:


All Electronically Registered Counsel

Austin Williams, Jr.
11600028
Fort Dix - FCI
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 2000
Fort Dix, NJ 08640