UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-226-SEB-TAB-1 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AUSTIN WILLIAMS, JR. | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cr-00226-SEB-DML |
| | ) | |
| AUSTIN WILLIAMS, JR., | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Austin Williams, Jr. has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 120, 121. For the reasons explained below, his motions are **DENIED**.

### I.     Background

In 2014, Mr. Williams pled guilty to three counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a)(2) (Counts 1-3); two counts of enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Counts 4, 5); two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Counts 6, 7); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 8). Dkts. 37, 55. According to the factual stipulation accompanying his plea agreement, Mr. Williams created fictitious Facebook profiles which he used to persuade, induce and entice various minor females to take sexually explicit photographs of themselves and to send him these images. Dkt. 30. Mr. Williams also sent sexually explicit images of other minor females to the victims. Mr. Williams posted several of the sexually explicit photos that the minor females sent to him on his Facebook page. Finally, Mr. Williams engaged in sexual intercourse with some of the minor females. The Court sentenced Mr. Williams to 216

months of imprisonment per count on Counts 1, 2, and 3, to run concurrently; 120 months of imprisonment per count on Counts 4 and 5 to run concurrently to each other, but consecutively to Counts 1, 2, and 3; and 60 months of imprisonment per count on Counts 6, 7 and 8, to run concurrently, for a total of 336 months of imprisonment. Dkts. 54, 55. The Court also imposed lifetime supervised release. *Id.* The Bureau of Prisons ("BOP") lists Mr. Williams's anticipated release date (with good-conduct time included) as January 14, 2037. https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2023).

In his pro se motions for compassionate release, Mr. Williams argues that the caregiver for his 15-year-old daughter has passed away, and he is seeking release so he can care for her. Dkts. 120, 121. The Court has concluded that it can resolve this motion without a response from the United States.

**II.   Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

3

Mr. Williams seeks immediate release because the family member caring for his minor daughter while he has been incarcerated recently passed away. It is not clear who is currently caring for Mr. Williams's daughter, as records indicate that the previous caregiver passed away in March 2022. Dkt. 120-1. Nevertheless, Mr. Williams states that if he is released, both his sister and his father will help him financially, and his sister will allow Mr. Williams and his daughter to live with her. Dkt. 121 at 1. Mr. Williams states "due to the constraints of her employment, [his sister] cannot provide the parental guidance and support [his daughter] both needs and deserves, alone." *Id.* However, Mr. Williams does not provide any further information regarding these "constraints of employment" or why his sister and/or his father are unable to care for his teenaged daughter. In light of this lack of information, the Court declines to exercise its discretion to find that Mr. Williams has met his burden to show an extraordinary and compelling reason to grant release.

Given the determination that Mr. Williams has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Williams is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1]

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Weighing in his favor, Mr. Williams plans to attend college and obtain a business degree upon release. Dkt. 120 at 2. His sister and father will support him financially and provide him with a place to live, and he has already secured employment. Weighing against him, as discussed above, Mr. Williams's multiple crimes were heinous and wide-reaching. Mr. Williams has completed less than half of his sentence and is not scheduled to be released for another 14 years.

In light of these considerations, the Court finds that releasing Mr. Williams early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.   Conclusion

For the reasons stated above, Mr. Williams's motions for compassionate release, dkts. [120] and [121], are **denied**.

**IT IS SO ORDERED.**

Date:   2/17/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Austin Williams, Jr.
Reg. No. 11600028
Fort Dix - FCI
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 2000
Fort Dix, NJ 08640